UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, JOHN WILEY & SONS, INC., ELSEVIER, INC., CENGAGE LEARNING, INC., AND PEARSON EDUCATION, INC.,

Plaintiffs,

v.

DOES 1-5 d/b/a www.thetopgrades.com,

Defendants.

Case No. _____

## [PROPOSED] ORDER

Plaintiffs McGraw-Hill Global Education Holdings, LLC, John Wiley & Sons, Inc., Elsevier, Inc., Cengage Learning, Inc., and Pearson Education, Inc. (collectively, "Plaintiffs") have moved ex parte against Does 1-5 d/b/a www.thetopgrades.com ("Defendants") for a temporary restraining order preventing asset transfer, expedited discovery order, and order to show cause for preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. § 6212. Plaintiffs proceed on the basis that Defendants are reproducing, distributing, and selling unauthorized copies of Plaintiffs' copyrighted works as set forth in Plaintiffs' Complaint, the exclusive rights to which are owned by Plaintiffs. The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted herewith, finds:

1. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights in connection with Defendants' reproduction, distribution, and sale of unauthorized copies of Plaintiffs' copyrighted works

through:  the websites located at www.thetopgrades.com and www.solutions4testbanks.com ("Defendants' Sites"); the email addresses info@thetopgrades.com and thetopgrades@gmail.com ("Defendants' Email Addresses"); among other tools and services;

2. The reproduction, distribution, and/or selling of unauthorized copies of Plaintiffs' copyrighted works will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered;

3. The harm to Plaintiffs from denial of the requested ex parte order outweighs the harm to Defendants' legitimate interests against granting such order;

## TEMPORARY RESTRAINING ORDER PREVENTING ASSET TRANSFER

THEREFORE, IT IS HEREBY ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, N.Y. C.P.L.R. § 6212, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, payment providers, third-party processors, and/or other financial institutions of Defendants, or any of them, must, upon receiving actual notice of this Order, immediately locate all accounts connected to any of Defendants' Sites and immediately cease transferring or disposing of any money or other assets residing in such accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made by Defendants from such accounts pending further order of this Court.  This includes but is not limited to:  (1) any and all PayPal accounts associated with, or used to process payments for, to, or on behalf of, any of Defendants' Sites and/or Defendants' Email Addresses (hereinafter, "PayPal Accounts"); (2)

any and all bank accounts, credit card or debit accounts, or other financial institution accounts linked to or associated with any PayPal Accounts; and (3) any and all accounts with any financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with Defendants' Sites or Defendants' Email Addresses; and

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth below, or such further date as set by the Court;

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant;

IT IS FURTHER ORDERED, that Plaintiffs shall post a corporate surety bond, cash, or a certified or attorney's check in the amount of $ 5,000.00 prior to 4/10/15, 2015 at 4:00 a.m./~~p.m.~~ as security, which is determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder;

IT IS FURTHER ORDERED, that service of this Order and supporting papers shall be made by email to Defendants' Email Addresses within five (5) business days of this Order; and

IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivery copies thereof to the offices of Oppenheim + Zebrak, LLP, 5225 Wisconsin Ave. NW, Suite 503, Washington, DC 20015, Attention: Kerry M. Mustico, Esq., and by email to kerry@oandzlaw.com, by no later than April 14, 2015 ~~with any reply by Plaintiffs to be filed and served by _____, 2015.~~

3

## EXPEDITED DISCOVERY ORDER

IT IS HEREBY ORDERED, that Plaintiffs' motion for leave to take expedited discovery, prior to a Rule 26(f) conference, is GRANTED; Plaintiffs may issue Rule 45 subpoenas to third-party service providers of Defendants' Sites, including but not limited to Name.com, Inc. and PayPal Inc., in order to determine Defendants' true names, aliases, current (and permanent) addresses, and email, and to identify all of Defendants' accounts used to receive, transfer, or send funds or payments in connection with their illegal activities, including any PayPal accounts used to process payments to, from, or on behalf of Defendants; and such subpoena recipients shall produce any responsive records within ten (10) days of service of the subpoena.

## ORDER TO SHOW CAUSE

IT IS HEREBY ORDERED that Defendants Does 1-5 d/b/a www.thetopgrades.com appear to show cause on the 16th day of April 2015 at 11:30 a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom 24B of the United States District Court for the Southern District of New York at 500 Pearl Street / ~~40 Centre Street~~, New York, New York, why an Order pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. § 6212 should not be entered granting Plaintiffs a preliminary injunction as follows:

1. Restraining and enjoining Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them from:

    a. Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs), whether now in existence or later created ("Plaintiffs' Works").

4

    b.    Copying, reproducing, downloading, distributing, uploading, transmitting, or otherwise exploiting without authorization any of Plaintiffs' Works;

    c.    Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, transmit, or otherwise exploit without authorization any of Plaintiffs' Works;

    d.    Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the infringement of any of Plaintiffs' Works; and

    e.    Transferring, withdrawing, or disposing of any money or other assets residing in any accounts connected to Defendants, including but not limited to Defendants' Sites and Defendants' Email Addresses, pending resolution of this case or further order of this Court.

SO ORDERED this 9th day of April, 2015.

*Deborah A. Batts*
United States District Judge